UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Respondent,<br><br>          v.<br><br>ULISES MEDINA,<br><br>                    Defendant-Petitioner. | No.  1:18-cr-00153-NONE-SKO-2<br><br>ORDER TO SHOW CAUSE WHY MOTION TO COMPEL SHOULD NOT BE DENIED<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. Nos. 53, 63) |

On March 2, 2020, Ulises Medina ("petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 ("§ 2255 motion"), raising two Sixth Amendment claims of ineffective assistance of trial counsel.  (*See* Doc. No. 53.)  Within his § 2255 motion, petitioner separately moves to compel his trial counsel, Christopher Martens, Esq., to turn over his client file, which petitioner represents counsel has "refused" and "failed to do."  (*Id*. at 18-19, 20, 22.)

On July 30, 2020, the court ordered a responsive filing from counsel, and on September 30, 2020, counsel filed a declaration asserting that he provided petitioner's client file to a family member of petitioner's at petitioner's direction, including details of a follow up communication. (Doc. Nos. 62, 65 at ¶¶ 4-5.)  It does not appear, however, that petitioner received a copy of his former counsel's declaration; therefore, the court will have a copy mailed to defendant at this

1

time. The court also will order petitioner to show cause within thirty days of the date of this order, why his motion to compel production of his client file should not denied based on the contents of his former counsel's declaration.

Additionally, petitioner has requested the appointment of counsel on his behalf within his § 2255 motion. In that regard, petitioner states only that he "should be assigned another attorney." (Doc. No. 53 at 23.) In a later motion for status, petitioner has again requested appointed counsel. (Doc. No. 63.) Petitioner states that he "is untrained in the law. His § 2255 motion has several issues of law that should grant him relief. Assistance of counsel will be needed to assist him litigate these issues." (*Id*. at 2.)

There is no constitutional right to appointment of counsel for petitioners making a collateral attack on their conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Appointment of counsel to represent indigent defendants is also required in § 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

/////

Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a § 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible.  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding no abuse of discretion where district court denied appointment of counsel in a § 2255 proceeding because "[a]lthough the appellant is over 60 years of age and has no background in the law, he thoroughly presented his issues in the habeas petition and the accompanying memorandum of law"); *Franklin v. United States*, No. SACR 06-0166-DOC, 2014 WL 12691082, at *2 (C.D. Cal. Sept. 16, 2014) (declining to appoint counsel in a § 2255 proceedings where the petitioner "has demonstrated a good understanding of the matter at issue on remand and 'the ability to present forcefully and coherently his contentions'") (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)).

The court declines to appoint counsel to assist petitioner with his § 2255 motion at this time.  In examining the situations in which appointment of counsel is mandatory, the court finds that none apply to petitioner's case.  Appointment of counsel is not necessary for the effective utilization of discovery procedures in this case, and the court does not find, at this time, that an evidentiary hearing is required.  Similarly, the relative complexities of petitioner's case are not such that denial of counsel would amount to a denial of due process: petitioner's claims are clearly articulated and grounded in well-established law.  Petitioner has presented his case effectively in his papers.  "Given the information he has presented … and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds" that Petitioner has asserted.  *Mercado*, 2011 WL 573377, at *5.  That petitioner believes he may benefit from the assistance of counsel is not a sufficient.  Petitioner's request for the appointment of counsel will therefore be denied at this time.

Finally, on September 2, 2020, petitioner requested that he be apprised of the status of his case, specifically asking whether a briefing schedule has been issued.  (Doc. No. 63.)  The court

cannot issue a briefing schedule until petitioner's motion to compel has been decided, as well as the related motion to amend. The court will issue a briefing schedule as soon as practicable upon resolution of those motions.

Accordingly, the court ORDERS as follows:

1. The court directs the Clerk of the Court to mail to petitioner a copy of the attorney declaration received by the court on September 30, 2020 (Doc. No. 65);
2. Petitioner is ordered to SHOW CAUSE by within thirty (30) days of the date of this order, why his motion to compel (Doc. No. 53) should not be DENIED based on the contents of his former counsel's declaration;
3. To the extent petitioner's motion for status (Doc. No. 63) inquired about the issuance of a briefing schedule, the court has answered petitioner's inquiry;
4. To the extent petitioner's § 2255 motion (Doc. No. 53) and his motion for status (Doc. No. 63) requested the appointment of counsel, that request is DENIED; and
5. A briefing schedule will be issued by the court once petitioner's motions to compel and to amend are resolved.

IT IS SO ORDERED.

Dated:  **January 13, 2021**                                      *Dale A. Drozd*
                                                        UNITED STATES DISTRICT JUDGE