**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff-Respondent,<br><br>     v.<br><br>ULISES MEDINA,<br><br>                  Defendant-Petitioner. | No. 1:18-cr-153-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. 53) |

Defendant Ulises Medina is a federal prisoner moving to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 53.) The Government opposes this motion. (Doc. 75.) For the reasons explained below, the motion is **DENIED**.

**BACKGROUND**

In July 2017, Medina was charged in an indictment with co-defendant Javier Beltran. (Doc. 15.) Though Beltran was indicted on all five of the counts in the indictment, Medina was only indicted on three counts: conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One, "the Hobbs Act conspiracy count"), interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Count Four, "the Hobbs Act robbery count"), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Five). (Doc. 15.)

On November 13, 2018, Medina pled guilty only to Count One, the Hobbs Act conspiracy count.  (Docs. 26, 27.)  In exchange, the government agreed to dismiss Counts Four and Five.  (Doc. 75-1, Change of Plea Hearing Transcript, at 5.)  The factual basis of the plea agreement describes a conspiracy in which Medina, along with Beltran and others, participated in a number of armed robberies from May 2017 to July 26, 2017.  This included the armed robbery of Joe's Westside in Porterville, California, on January 18, 2017, in which Medina and others "ordered the store clerk to the ground at gunpoint, forced the clerk to open the cash register, and stole over $8,000." (Doc. 27 at 9.)  The factual basis further states that Medina "brandished a firearm" during the Joe's Westside robbery "to knowingly obtain[] money from the victim . . . by means of threatened force to his person."  (*Id*. at 9.)

The presentence report evaluated Medina as to only Count One.  (Doc. 34 at 1.)  With an offense level of 29 and a criminal history category I, Medina's guidelines range was 87–108 months.  (*Id*. at 4.)  The PSR recommended an upward variation from the guidelines, to 180 months, due to the "serious nature of the instant offense [which] involved a series of armed robberies which terrorized individuals[,] and the duration of these crimes warrant an above guideline sentence."  (*Id*. at 4.)  The parties agreed to jointly recommend 180 months, or 15 years, in the plea agreement. (Doc. 27 at 6.)  The Court, "incorporat[ing] by reference the reasoning of the PSR, and the implications that come necessarily with the stipulation between the U.S. Attorney and defense counsel with regard to the above-the-actual-guideline-range decision for sentencing," sentenced Medina to 180 months in prison.  (Doc. 75-2, Sentencing Transcript, at 6.)

Medina timely brings the instant motion alleging that he received ineffective assistance of counsel in the pre-trial and plea process.  (Doc. 53.)

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to § 2255, filed in the court which imposed sentence.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  A § 2255 motion entitles a federal prisoner to relief "[i]f the court finds that . . .

there has been . . .a denial or infringement of the constitutional rights of the prisoner . . . ." 28 U.S.C. § 2255(b).

Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

To demonstrate an ineffective assistance of counsel ("IAC") claim, a movant must show that his attorney's performance was deficient and prejudicial to movant. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel.) Representation is deficient if it "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 687–88.

*Pro se* movants' pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United*

*States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

**ANALYSIS**

Medina's motion alleges ineffective assistance of counsel on the grounds that his attorney (1) "was ineffective in communicating to the defendant the full scope of his plea agreement," including the fact that Medina "could appeal his case under certain circumstances" and (2) failed to make certain legal arguments. These claims lack merit.

**A.   Plea Advisal**

Medina argues that his counsel was ineffective because he failed to fully explain "all aspects of what the Petitioner was signing," including "how counsel and the government came up with a 180 month sentence" and "that there were exceptions to his appeal waiver contained in the plea agreement." (Doc. 53 at 18–20.) Medina claims that he "did not have the required knowledge to enter into a plea." (Doc. 53 at 19.)

Claims that a plea was unknowing or not voluntary are permitted even where a plea agreement otherwise waives appellate or collateral attack rights. *Davies v. Benov*, 856 F.3d 1243, 1246 n.2 (9th Cir. 2017). To prevail on such an IAC claim in the plea-bargaining process, a movant must demonstrate that his counsel's advice was "so incorrect and so insufficient that it undermined [movant's] ability to make an intelligent decision about whether to accept the [plea] offer." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002). Medina has demonstrated neither deficient performance nor lack of ability to make an intelligent decision on the plea offer.

Importantly, Medina's own briefing belies his claim that he did not have the "requisite knowledge" to plea on the grounds that he was unaware of the plea's provisions. Medina acknowledges in his Reply that he "read, went over with his counsel and understood the plea agreement." (Doc. 79 at 5.) The plea agreement clearly states that the parties would recommend Medina be sentenced to 15 years in prison. (Doc. 27 at 2, 5, and 6.) It also outlined the waiver of appeal and collateral attack, including describing the circumstances under which Medina would retain the right to appeal. (Doc. 27 at 7.) Further, Medina's counsel provided a

declaration swearing that he read Medina the entire plea agreement, told Medina that the parties would recommend a sentence of 15 years in prison, and told Medina that he was waiving his right to appeal "subject to certain exceptions."  (Doc. 75-3.)

Medina further confirmed to the Court in his change of plea hearing that he had signed the plea agreement, that his signature meant that he had a "chance to review the entirety of the document, and that if [he] had questions, [he] asked, [his] attorney answered [him], and [he had] no more questions." (Doc. 75-1 at 2:9–17.)  Medina said that he had "enough time with [his] lawyer" to go through the plea agreement and, crucially, that he did not have "any questions about [his] plea agreement at all".  (Doc. 75-1 at 15–20.)

Medina's IAC claim regarding his attorney's performance during the plea process thereby fails.

**B.    Counsel's "Failure to Argue"**

Medina also complains that his trial counsel did not, at an unspecified time, argue that Conspiracy to Commit Hobbs Act robbery is not a violent crime and that 18 U.S.C. § 1951 is unconstitutionally vague.  (Doc. 53 to 3–17.)  As an initial matter, Medina waived the right to bring this argument in his plea agreement.

Medina's plea agreement included a waiver of his right to bring "a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (Doc. 27 at 7.)  Such waivers are valid and enforceable where the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and [] the waiver is knowingly and voluntarily made."  *United States v. Rodriguez*, 49 F.4th 1205, 1212 (9th Cir. 2022) (quoting *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017)) (internal quotation marks omitted).  The broad waiver in Medina's plea agreement obviously encompasses Medina's claim that his attorney was ineffective in failing to bring challenges related to 18 U.S.C. § 1951.  And, as discussed in the prior section, the "circumstances surrounding the signing and entry of the plea agreement" demonstrate that Medina entered into his plea knowingly and voluntarily.  *United States v. Lo*, 839 F.3d 777, 783–

5

1    84 (9th Cir. 2016).¹ Therefore, Medina's IAC claims that his attorney was ineffective for failing
2    to bring certain challenges to § 1951 are properly waived under his plea agreement.

3    Even still, the Court will briefly address these claims in an attempt to clear what appears
4    to be confusion on Medina's part. Medina's entire argument on this point focuses on whether
5    the conspiracy charge counts as a "crime of violence" for a § 924(c) purposes. This argument
6    appears to confuse Medina's charges with that of his co-defendant, Beltran. Medina expresses
7    concern that his sentencing was impacted by a § 924(c) "use of a firearm during and in relation
8    to a crime of violence" charge. (Doc. 53 at 14.) Medina reports "remember[ing] the
9    Government adding on a 924(c) count (Count three)" at sentencing which was not mentioned on
10   the judgment form. (Doc. 53 at 14.)² He asserts that if his sentence "was increased as a
11   'violent crime,' then it must be reduced." (Doc. 53 at 15.) Medina also expresses that there is "a
12   great deal of confusion as to what the Petitioner plead[ed] guilty to" because, at the time of filing
13   his original motion, Medina was not in possession of his case file. (Doc. 53 at 17.) In his reply,
14   Medina again cites case law holding that § 924(c)'s residual clause is unconstitutionally vague.
15   (Doc. 79 at 4.)

16   Both the indictment and sentencing transcript make clear that Count Three applied only
17   to Medina's co-defendant, Beltran, and Medina never faced a § 924(c) count related to the
18   conspiracy charge. (Doc. 15 at 6.) The government confirms in its opposition that "Medina was
19   charged with a violation of Section 924(c) based on his use of a firearm during and relation to
20   his actual Hobbs Act robbery—not his conspiracy to commit Hobbs Act robbery." (Doc. 75 at 8,
21   citing Doc. 15 at 7.) As such, the arguments Medina describes and complains that his counsel
22   failed to make would have been irrelevant to his case: even if Medina had not waived his IAC

---

¹ Medina's motion makes reference to several other possible claims which are also waived by his plea agreement, including: that his counsel was ineffective for failing to conduct "a more thorough investigation [that] was needed" before counseling Medina to plead guilty, (Doc. 53 at 18–19); that counsel "did not visit" after sentencing "to discuss any other options available" (Doc. 53 at 21); and that counsel was ineffective for give Medina his case file such that Medina could file a direct appeal or collateral attack. (Doc. 53 at 6.)

² Medina's confusion, particularly with respect to Count Three, may stem from Beltran's sentencing being conducted immediately before Medina's and in Medina's presence. (*See* Docs. 38 and 39; Doc. 75-2 at 4:19–20.) Unlike Medina, Beltran *was* charged with Count Three, a § 924(c) count.

claims related to these arguments, counsel's failure to make them could not have been deficient representation. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("[F]ailure to make a futile [argument] does not constitute ineffective assistance of counsel.").

## CONCLUSION AND ORDER

Based upon the foregoing, Ulises Medina's § 2255 motion (Doc. 53) is **DENIED** in its entirety.

IT IS SO ORDERED.

Dated: __December 1, 2022__

UNITED STATES DISTRICT JUDGE